UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EIGHTH FLOOR PROMOTIONS, LLC,**

   **Plaintiff,**         Case No. 2:09-cv-102
                 JUDGE GREGORY L. FROST
   v.              Magistrate Judge Terence P. Kemp

**R.S. OWENS & CO., INC.,**

   **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's July 24, 2009 Combined Motion & Memorandum Requesting Bifurcation of Liability and Damages for Discovery and Trial (Doc. # 22), Plaintiff's memorandum in opposition (Doc. # 25), and Defendant's reply memorandum (Doc. # 26). For the reasons that follow, this Court finds the motion not well taken.

The instant case involves numerous claims of purported copyright infringement by Defendant against works for which Plaintiff has the copyright. In its motion, Defendant asks this Court to bifurcate discovery and the trial on the issue of liability, including the issue of willful infringement, from the issue of damages. Such a request falls within the scope of Federal Rule of Civil Procedure 42(b), which provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Whether to order bifurcation is committed to the trial court's discretion. *Specialty Minerals, Inc. v. Dunbar Mech., Inc.*, 164 F. App'x 539, 541 (6th Cir. 2005). In considering whether to order separate

1

trials, the Court must weigh the potential prejudice to the parties, the possible confusion to the jury, and the relative resulting convenience and economy that would result. *Id.*; *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997); *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). The Sixth Circuit has cautioned that "separation of issues 'should be resorted to only in the exercise of informed discretion and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice.' " *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988) (quoting *Frasier v. Twentieth Century-Fox Film Corp.*, 119 F. Supp. 495, 497 (D. Neb. 1954)). The Sixth Circuit has also explained that "[b]ifurcation of proceedings into separate trials concerning liability and damages is appropriate when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst Labs.*, 766 F.2d 208, 212 (6th Cir. 1985) (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2390 (1971)).

Defendant argues that bifurcation is warranted because of the sheer number of allegations of infringement, many of which Defendant asserts are objectively unreasonable. The amended complaint indeed contains numerous counts, totaling by this Court's review of the pleading twenty-eight counts in all, with thirty-four allegations of infringement contained therein (counting various colors of the sculpture designs separately). Defendant posits that "[w]ithout evaluating the substance of these allegations, if one assumes only that the parties hold a reasonable, good faith, and informed belief in the merits of their respective positions, mere probability dictates that a significant number of plaintiff's infringement allegations will require no discovery or trial on damages." (Doc. # 22, at 5-6.) But numbers alone are not determinative

2

of the bifurcation issue. Nor does Defendant's assumed probability of Plaintiff's failure prove helpful, just as Plaintiff's not surprising prediction of success offers little substance to today's issue. Moreover, Defendant's subjective evaluation of the merits of the claims does not prove dispositive of the bifurcation issue.

To support the requested bifurcation, Defendant also posits that bifurcation will promote judicial economy and conserve the resources of the parties and the Court. Defendant has explained how bifurcation may assist the parties in conserving resources if the issues of damages becomes either unnecessary or at least limited following the requested liability phase of the litigation. Defendant has not explained how such bifurcation will assist the Court in conserving its resources and time to any significant degree. In contrast, Plaintiff argues that bifurcation would "double the length of this case" and would "dramatically decrease judicial economy and increase the fees and expenses of the parties associated with this case." (Doc. # 25, at 2.) Plaintiff in fact points to fact that bifurcation would mean that many witnesses would have to deposed twice.

Defendant next argues that bifurcation is appropriate because the issues of liability and damages are sufficiently unrelated. This is arguably Defendant's best argument for bifurcation, given that it is unlikely that much of the proof related to each issue will overlap. The weight afforded this point is tempered, however, by the fact that such distinctive proof is often a characteristic of any civil action, especially one involving any form of infringement, and that bifurcation is nonetheless an atypical as opposed to routine action in federal civil litigation. This case, although containing numerous claims, is not so complex that it falls outside the broad category of routine infringement cases so as to warrant adoption of the atypical procedure of

bifurcation. Additionally, Plaintiff argues that proof of willfulness would inform both the liability and damages issues.

Finally, Defendant last argues that bifurcation would not prejudice either party. Given the weight of the analytic points discussed above, as well as the points recognized below, this Court need not discuss at length whether bifurcation would prejudice Plaintiff in the sense Rule 42 contemplates. Any lack of the specific prejudice that Defendant discusses in its reply memorandum would be insufficient to warrant bifurcation and overcome the factors adverse to bifurcation.

Three final points are necessary. First, the Court notes that because the case is set for a bench trial, the issues of confusion that could conceivably be present in a jury trial do not exist here. The Court is capable of compartmentalizing its factfinding and adjudicatory responsibilities so that bifurcation would not afford any benefit of confusion avoidance. Second, bifurcation would mean that the Court would potentially be faced with scheduling two bench trials as opposed to one, with no doubt two periods of summary judgment briefing. One set of permissible motions preceding one trial date would prove easier to coordinate in the Court's schedule. Third, the Court is also cognizant that, given the nature of this copyright infringement case, bifurcation might defeat early settlement talks rather than promote eventual informed settlement discussions as Defendant suggests. Conducting damages discovery earlier as opposed to later will enable the parties to evaluate their positions in advance of spending the resources required to reach a liability determination. Although the Court recognizes that courts and parties alike often differ on this issue, sometimes on a case-by-case basis, this Court endorses the proposition that the parties would benefit from being informed on potential damages earlier in

this litigation.

Having weighed the foregoing factors, including any potential prejudice to the parties, any possible confusion to the factfinder, and the relative resulting convenience and economy that bifurcation could arguably produce, the Court concludes that bifurcation is not warranted under the specific circumstances presented here. Accordingly, this Court in its discretion **DENIES** Defendant's motion to bifurcate. (Doc. # 22.)

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE